IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

T. ROWE PRICE ASSOCIATES, INC.   *

    Plaintiff   *

vs.   *   CIVIL ACTION NO. MJG-01-3818

EVANSTON INSURANCE COMPANY   *

    Defendant   *

\*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM AND ORDER

The Court has before it Defendant Evanston Insurance Company's Motion to Dismiss Plaintiff's Third and Fourth Claims for Relief and the materials submitted by the parties relating thereto. The Court finds that a hearing is unnecessary to resolve this matter.

Plaintiff T. Rowe Price Associates Inc. ("TRP") filed the instant lawsuit against its liability insurer Evanston Insurance Company ("Evanston"), pursuant to this Court's diversity jurisdiction. TRP seeks a declaratory judgment and money damages stemming out of TRP's settlement of an underlying lawsuit filed against it by Ronald A. Katz ("Katz"). TRP alleges that Evanston's denial of coverage and refusal to reimburse TRP for its settlement of the Katz lawsuit constituted material breaches of contract under its policy with Evanston.

At the outset, the Court notes that both parties agree that

Maryland law governs this case. Although TRP ostensibly pleads an alternative cause of action under Illinois law, it "is willing to stipulate to the application of Maryland law" and "agree[s] that Maryland law governs [the] breach of contract claims." Pl. Opp. p. 7. Therefore, the Court will apply Maryland law.

By the instant Motion, Evanston seeks to have the Third and Fourth Claims of the Complaint dismissed.

<u>The Third Claim</u>

The Third Claim of the Complaint seeks the costs and expenses incurred by TRP in bringing the instant action. Evanston asserts that "one suing as an insured may not recover attorney's fees in a first party suit against an insurer." Def. Motion p. 4. However, it is well-established Maryland law that where, as is alleged here, an insurer breaches its insurance contract by refusing to cover a claim made against the insured by a third party (Katz), and the policy, as it allegedly does here, provides coverage for defense costs incurred in connection with the underlying (Katz) suit, then the insured is entitled to recover both the defense costs incurred in connection with the underlying (Katz) claim and also its attorneys' fees and expenses incurred in suing the insurer to establish coverage. <u>See</u> <u>Johnson & Towers Baltimore Inc. v. Vessel Hunter</u>, 824 F.Supp. 562, 574

(D.Md.1992)("If an insurer breaches its contractual duty to defend a claim that falls within or potentially falls within the policy's coverage the insurer is liable for attorney's fees incurred in the underlying defense of that claim, as well as in a declaratory judgment action which determines the coverage and the duty to defend.") See also American Home Assurance v. Osbourn, 422 A.2d 8 (Md. 1980); Bankers & Ship Ins. Co. of New York v. Electro Enterprises, 415 A.2d 278 (Md. 1979).

TRP properly alleged that its insurance policy covered defense costs and that Evanston breached its insurance contract. Therefore, this Court will not dismiss the Third Claim of the Complaint.

The Fourth Claim

The Fourth Claim of the Complaint seeks compensatory and punitive damages from Evanston for its "bad faith conduct." Compl. ¶ 41. However, it is well-established that "Maryland does not recognize a specific tort action against an insurer for bad faith failure to pay an insurance claim." Johnson v. Federal Kemper Ins. Co., 536 A.2d 1211, 1213 (Md.Ct.Spec.App. 1988).

TRP admits in its Opposition that the Fourth Claim is an "alternative theory for the recovery of attorney's fees" in the event that Illinois law governed the instant case or in the event

3

that there was a "bad faith" prerequisite under Maryland law for the recovery of attorney's fees. Pl. Opp. p. 12.

The Court found, above, that Maryland law governs the instant case. Additionally, the Court notes that "[t]he most recent authority from Maryland's highest court does not condition the award of attorney's fees in this situation on an insurer's bad faith." Johnson & Towers, 824 F.Supp at 575, citing Collier v. MD Individual Practice Assoc., Inc., 607 A.2d 537 (Md. 1992).

The "bad faith conduct" cause of action has no basis in Maryland law. Therefore, the Fourth Claim of the Complaint shall be dismissed.

Conclusion

    For the foregoing reasons:

1. Defendant Evanston Insurance Company's Motion to Dismiss Plaintiff's Third and Fourth Claims for Relief is DENIED IN PART AND GRANTED IN PART.

    a. The Fourth Claim of the Complaint shall be dismissed.

    b. The First, Second, and Third Claims of the Complaint remain pending.

2. The case shall proceed pursuant to existing scheduling.

SO ORDERED this 22nd day of April, 2002.

                                          Marvin J. Garbis
                                 United States District Judge